UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEWART PERSINGER,
FDOC Inmate #759589,
    Plaintiff,

v.                                   Case No. 3:23cv24572/LAC/ZCB

RICKY DIXON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Stewart Persinger is an inmate of the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Doc. 4). After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because of Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on

1

the complaint form. *See, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate even if the prisoner claims that his failure to truthfully disclose was due to a lack of full memory or misunderstanding of the complaint form. *See Burrell.* 857 F. App'x at 624-25 (affirming dismissal for failure to disclose even though prisoner claimed that he lacked full memory about the omitted lawsuit); *Schmidt v. Navarro*, 576 F. App'x 897, 899-900 (11th Cir. 2014) (affirming dismissal for failure to disclose even though prisoner wrote "not to my memory" when answering

---

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

questions regarding litigation history); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 8-12). Question A of Section VIII asked Plaintiff if he had any case in federal court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service. (*Id.* at 9). Plaintiff checked the box for "YES" and identified the following three cases:

- *Persinger v. Dixon, et al.*, Case No. 4:23cv96/MCR/MJF (N.D. Fla.) (dismissed as malicious).

- *Persinger v. Metzger*, Case No. 3:94cv702 (E.D. Va.) (dismissed prior to service as frivolous).

- *Persinger v. Saunders*, No. 96-6468, 96 F.3d 1439 (4th Cir. 1996) (dismissed) (appeal of proceedings in Case No. 7:95cv426 (W.D. Va.)).

(*Id.*). At the end of the complaint form, Plaintiff signed his name after

3

the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (*Id.* at 12-13).

Plaintiff, therefore, certified that at the time he filed this case on September 18, 2023, he had not had any case in federal court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service.[2] The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to Public Access to Court Electronic Records (PACER), Plaintiff had the following federal case dismissed as frivolous or malicious:

- *Persinger v. Ware, et al.*, Case No. 7:95cv298/SGW (W.D. Va.)

---

[2] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

4

(dismissed pursuant to 28 U.S.C. § 1915(d)).[3]

How does the Court know that this Stewart Persinger and the Stewart Persinger who commenced the above case are one and the same? That fact was established in *Persinger v. Dixon, et al.*, Case No. 4:23cv96/MCR/MJF. (4:23cv96/MCR/MJF, Report and Recommendation, Doc. 18 at 3-4 (N.D. Fla. Apr. 25, 2023)). Additionally, Plaintiff's Virginia inmate number in one of the cases he disclosed, *Persinger v. Saunders*, Case No. 7:95cv426 (W.D. Va.), is the same Virginia inmate number of the Stewart Persinger who filed *Persinger v. Ware, et al.*, Case No. 7:95cv298/SGW (W.D. Va.). That inmate number was #210743.

Plaintiff was required to identify the above case on the complaint form in this case. Yet he did not.[4]

---

[3] Under the prior version of the *in forma pauperis statute*, § 1915(d) authorized federal courts to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Neitzke v. Williams*, 490 U.S. 319, 324 (11th Cir. 1989) (quoting § 1915(d)).

[4] Plaintiff identified numerous other cases in his answers to other questions in Section VIII, but he did not identify *Persinger v. Ware et al.*, Case No. 7:95cv298/SGW (W.D. Va.). (Doc. 1 at 9-12, 18).

5

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.[5]

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same

---

[5] This is not the first time Plaintiff has run into trouble for failing to disclose his prior litigation history. As Plaintiff acknowledged, *Persinger v. Dixon, et al.* was dismissed for maliciousness and abuse of the judicial process. (4:23cv96/MCR/MJF, Ordre, Doc. 26 (N.D. Fla. July 7, 2023). The dismissal in that case occurred less than three months prior to Plaintiff's initiating this case. *Id.*

6

duty of candor to the court as imposed on any other litigant").[6] The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the

---

[6] Plaintiff's excuses of "lapse of time," "extensive litigations history (some 25 plus years)," "lost documents," and lack of memory (*see* Doc. 1 at 18) also do not excuse his failure to truthfully disclose his litigation history. As United States District Judge T. Kent Wetherell, II, recently explained:

> [T]he fact that Plaintiff allegedly did not have information about his prior lawsuits is not an excuse for his failure to disclose his litigation history because Plaintiff "has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case." *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022) (quoting *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021)). Indeed, "it would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on his failing memory and the lack of resources provided by the jail or prison." *Id.*

*Mathews v. Westly*, Case No. 5:22cv85/TKWMJF, Order Adopting Report and Recommendation, Doc. 24 at 2-3 (N.D. Fla. Nov. 10, 2022); *see also* Fed. R. Civ. P. 11(a) (requiring a party to make a good faith investigation for any allegations or statements contained in pleadings filed with the court).

7

requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior state and federal cases . . . may result in the dismissal of this case.***" (Doc. 1 at 8). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[7]

Accordingly, it is respectfully **RECOMMENDED**:

---

[7] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. That all pending motions be **TERMINATED**.

3. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 23rd day of October 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.